# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | CR419-103 |
| TEVIN WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Defendant Tevin Williams is charged with a single count of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). *See* doc. 15 at 1; *see also* doc. 1 (Indictment). He has moved to suppress the fruits of a search of his vehicle after a traffic stop. *See generally* doc. 15. The Government opposes. Doc. 17. On February 18, 2020, the Court held a hearing on defendant's motion. *See* doc. 24 (Minute Entry). The only witness at the hearing was Officer John Alberts and the only evidence admitted was a recording from his body-worn camera. *Id.*, doc. 24-1 (Exhibit List).

Officer Alberts testified that he pulled over the car Williams was driving because of an obstructed tag. The body-worn camera video includes a brief discussion between Alberts and Williams about the tag cover. The traffic stop proceeds normally; Alberts attempted to identify

everyone in the car and performed the standard computer searches on those individuals. One of the other officers involved in the stop asks Alberts whether he should "call K-9," and Alberts responds affirmatively. When the canine unit arrives shortly, Alberts and the other officers directed Williams and the other passengers to step out of the car. The canine alerted on the vehicle and a subsequent search produced a glass jar of marijuana and a firearm.

On cross-examination, Alberts testified that, as part of a Savannah Police Department task force, it is standard procedure for canine units to respond to traffic stops in some high-crime areas, regardless of any individualized suspicion. Alberts testified that when the canine unit arrived, he suspended his investigation of the traffic violation to assist the canine handler. Defense counsel asked Alberts specifically: "During that time [*i.e.*, the approximately 90-second period while Alberts was assisting the canine handler conduct the sniff] . . . between you getting out of the vehicle and the canine alerting. Did you do any investigation on the traffic ticket that you had pulled him over for?" After clarifying, Alberts responded "During that time, no." That testimony concedes that the

canine search delayed the traffic stop, by no less than approximately ninety seconds.

Traffic stops are, generally, a species of the "brief investigatory detention" contemplated by *Terry v. Ohio*, 392 U.S. 1 (1968). *See, e.g., Berkemer v. McCarty*, 468 U.S. 420, 439 (1984). The Supreme Court has explained that such a seizure justifies investigation of the traffic violation. *See Rodriguez v. United States*, 575 U.S. 348, 354 (2015). "Like a *Terry* stop, the tolerable duration of police inquiries in the traffic-stop context is determined by the seizure's 'mission'—to address the traffic violation that warranted the stop, [cit.], and attend to related safety concerns, [cit.]." *Id.* (citations omitted). The limitations on such stops are not so strict that they preclude *any* unrelated inquiry, but such inquiries may not be conducted "in a way that prolongs the stop, absent the reasonable suspicion ordinarily demanded to justify detaining an individual." *Id.* at 355. Despite that flexibility, "a dog sniff [to search for narcotics] . . . is not an ordinary incident of a traffic stop." *Id.* at 356. As an investigative step unrelated to the traffic infraction, any prolongation attributable to a canine sniff, then, renders the excessive seizure unconstitutional. *Id.* at 356-57.

To the extent that *Rodriguez* left room for doubt about the constitutional effect of prolonging a traffic stop to permit unrelated investigations, the Eleventh Circuit has eliminated it. In *United States v. Campbell*, the court reviewed a district court's determination that the prolongation of a traffic stop by approximately twenty-five seconds did not violate constitutional requirements. *See* 912 F.3d 1340, 1348 (11th Cir. 2019). The Court noted that circuit precedent required courts to evaluate the "overall reasonableness" of the stop to determine whether a prolongation of an otherwise reasonable stop transgressed constitutional limits. *Id.* at 1352 (citing *United States v. Griffin*, 696 F.3d 1354 (11th Cir. 2012)). *Rodriguez* abrogated that standard. *Id.* at 1353. In recognizing that abrogation, the court acknowledged that *Rodriguez* "was clear that the length of time [of a prolongation] is immaterial." *Id.* The "overall reasonableness" test, therefore, was replaced by a three-part analysis: "to unlawfully prolong [a traffic stop], the officer must (1) conduct an unrelated inquiry aimed at investigating other crimes [than the traffic infraction justifying the stop], (2) that adds time to the stop (3) without reasonable suspicion." *Id.*

4

This district has already addressed this sea change in proper police procedure. As Magistrate Judge Brian K. Epps has succinctly explained: "*Rodriguez* and *Campbell* changed the landscape." *United States v. Brinson*, 2019 WL 7476672, at * 3 (S.D. Ga. Dec. 4, 2019), *adopted* 2020 WL 59728 (S.D. Ga. Jan. 3, 2020) (Hall, C.J.). He continues, "[g]one are the days when officers could question drivers about criminal activity unrelated to the traffic stop so long as they did not measurably prolong the duration of the stop." *Id*. (citing *Campbell*, 912 F.3d at 1352). In *Brinson*, Judge Epps found that an extension of a traffic stop to pose unrelated questions, "[e]ven though [it was] only one minute and forty seconds [long,] . . . unconstitutionally prolonged the traffic stop and exceeded its narrow purpose." *Id*. The one hundred seconds that Judge Epps found excessive is not materially different than the ninety seconds at issue here.

*Brinson* encapsulates the fundamental change in Fourth Amendment jurisprudence effected by *Rodriguez* and *Campbell*. In light of that fundamental change, the Government's contention that the "sixty-nine seconds" that elapsed to permit the canine sniff was "insufficient to render any delay unreasonable," fails. *See* doc. 17 at 4. The contention

that "Officer Albert's conduct during traffic stop . . . did not unreasonably delay [it]," doc. 17 at 5, is flatly contradicted by his testimony that he ceased all pursuit of the traffic stop to assist in the conduct of the canine sniff. Certainly, the Government is correct that the traffic stop was not prolonged *much*, but the extent of the prolongation is simply irrelevant after *Rodriguez* and *Campbell*.

Given the clear analytical framework established in *Campbell*, officers unlawfully prolonged the traffic stop to conduct the canine sniff. Alberts conceded, unequivocally, that he was not pursuing any investigation of the traffic violation during the period when he was assisting the canine handler. Under the rubric of *Rodriguez* and *Campbell*, that delay, although limited in duration, which was unrelated to the traffic violation and not based upon any independent indication of criminal activity—whether only reasonable suspicion or probable cause[1]—unconstitutionally prolonged the traffic stop. Accordingly, Williams' motion should be **GRANTED**, doc. 15, and all fruits of the search should be suppressed.

---

[1] The Government does not argue that Alberts had any reasonable suspicion or probable cause that would have justified a free-air sniff of the vehicle.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>18th</u> day of March, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA