IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CIVIL ACTION NO.: 4:19-cr-103 |
| v. | |
| TEVIN WILLIAMS, | |
| Defendant. | |

**O R D E R**

After a careful *de novo* review of the entire record, the Court concurs with the Magistrate Judge's March 18, 2020, Report and Recommendation, (doc. 26), to which the Government has filed objections, (doc. 31). After a *de novo* review of the record in this case, the Court **ADOPTS** the Report and Recommendation as the opinion of the Court and **GRANTS** Defendant's motion to suppress. (Doc. 15).

The parties do not dispute the facts as recited in the Report and Recommendation. Accordingly, the Court relies on them below. Tevin Williams was pulled over by Officer John Alberts because of an obstructed tag. (Doc. 26 at 1). During the stop, a canine unit arrived to determine whether any narcotics were present in the car. (Id. at 2). The canine alerted and a subsequent search revealed a glass jar containing marijuana and a firearm. (Id.) Officer Alberts testified, on cross-examination, that he suspended his investigation of the traffic violation to assist the canine handler. (Id.) The Report and Recommendation quotes Albert's testimony that during the approximately ninety seconds he was assisting the canine handler he was not engaged in any investigation of the traffic offense. (Id. at 2-3).

The Report and Recommendation explains that a traffic stop, lawful at its inception, can become unlawful if it is prolonged by an unrelated investigation. (See doc. 26 at 3 (citing, inter alia, Rodriguez v. United States, 575 U.S. 348, 354 (2015)). In Rodriguez, the Supreme Court expressly considered whether prolonging a traffic stop to permit a canine sniff violated the Fourth Amendment. The Court explained, "[a]n officer . . . may conduct certain unrelated checks during an otherwise unlawful traffic stop[, b]ut . . . he may not do so in a way that prolongs the stop, absent the reasonable suspicion ordinarily demanded to justify detaining an individual." Rodriguez, 575 U.S. at 355. The Court further explained that "a dog sniff is not fairly characterized as part of the officer's traffic mission." Id. at 356. Despite the conceptual discussion, Rodriguez's holding was limited; the Court remanded the case to the Court of Appeals to determine whether the officers had reasonable suspicion to conduct the sniff. Id. at 357–58. As the Report and Recommendation noted, any ambiguity remaining after Rodriguez was eliminated by United States v. Campbell, 921 F.3d 1340, 1348 (11th Cir. 2019). (Doc. 26 at 4.) Campbell established a three-part test to determine whether the prolongation of a traffic stop violated the Constitution: a stop is unlawfully prolonged when an officer "(1) conduct[s] an unrelated inquiry aimed at investigating other crimes (2) that adds time to the stop, (3) without reasonable suspicion." 921 F.3d at 1353.

The Magistrate Judge applied the Campbell test and found that Alberts unlawfully prolonged the traffic stop when he ceased investigating the traffic infraction to assist with the canine sniff. (See doc. 26 at 6). The Report and Recommendation noted that the Government did not argue—nor does it argue in the instant objection—that Alberts had any reasonable suspicion or probable cause justifying the sniff. (See id. at 6 n. 1; see also generally doc. 31 (Objection)). The Government objects that "[a]bsent from the Report and Recommendation is

2

any discussion concerning whether Officer Albert's removal of Defendant from the vehicle was an action incident to a traffic stop and not an unrelated investigative activity." (Doc. 31 at 4.)

The Government's contention is that, because removing the occupants of the vehicle can be a permissible part of any traffic stop, the removal here was not "an unrelated inquiry," regardless of Alberts' subjective motivation. (See doc. 31 at 9-15). Alberts' testimony that he was not investigating the traffic violation during that ninety-second period because he was assisting the canine handler to conduct the sniff is, in the Government's view, merely a report of his subjective motivation. Further, the Government points out, longstanding precedent establishes that "an officer's safety interest permits him to remove the driver of a vehicle during a traffic stop." (Doc. 31 at 7 (citing, inter alia, Maryland v. Wilson, 519 U.S. 408, 414-15 (1997)). Thus, if the time attributable to removing the occupants of the vehicle were related to the traffic stop, that time was not expended in "an unrelated inquiry," which "add[ed] time to the stop." The question is further complicated by the Government's concession that conduct like Alberts' might impermissibly prolong a stop, if "an officer . . . removes a driver and makes him wait, without returning to investigating the traffic violation," but didn't here "because Officer Alberts was *in the process* of removing Defendant from the vehicle when the canine officer alerted to the presence of a controlled substance." (Doc. 31 at 10, n. 4 (emphasis added)). The objection, therefore, involves both legal and factual questions: (1) legally, whether the removal of the vehicle's occupants was "unrelated" to the traffic stop, and (2) factually, whether the removal "added time" if it was "in process" when the canine alerted.

Of the two questions raised in the Government's objection, the legal question is the more subtle. It is well-established that, where "there [is] probable cause to stop the car, [the officer] [is] entitled to ask the driver to step out of the car." United States v. Knight, 562 F.3d 1314, 1327

3

(11th Cir. 2009) (citing Pennsylvania v. Mimms, 434 U.S. 106, 111 n. 6 (1977)). However, Rodriguez is equally clear that otherwise justified safety precautions can amount to unauthorized "detours" from the traffic investigation; "[o]n-scene investigation into other crimes . . . detours from [the] mission [of the traffic stop]. [Cit.] *So too do safety precautions taken in order to facilitate such detours*." Rodriguez, 575 U.S. at 356 (citation omitted) (emphasis added). If the removal here was incident to the sniff, it was unrelated to the traffic stop, but if it was incident to the traffic stop, it was not unrelated. The Government is correct that an officer's subjective intent is not dispositive, (see doc. 31 at 14 (citing Whren v. United States, 517 U.S. 806, 814 (1996))), but the causal connection established in Officer Alberts' testimony is.

Officer Alberts testified in detail about the sequence of events that led to Williams' removal from the car. That testimony establishes that the removal was incident to the canine sniff, not the traffic stop itself. On cross-examination, defense counsel probed the officer-safety rational for removal. Counsel asked: "So essentially the removal of the passengers was to assist the K-9 unit?" and Alberts responded "Yes." She then inquired whether it was "routine to take somebody out of a vehicle during a traffic stop . . .?" Alberts responded that it was. When she then inquired why, if it was routine, the removal did not occur at the stop's inception, he clarified that removal is not "routine every time," but "depends how [he] feel[s] that day." Counsel again clarified that but for the canine unit, Alberts would not have removed Williams from the car. He confirmed that he would not.[1] All of that testimony establishes a *causal and factual* connection between the removal and the sniff, regardless of Alberts' subjective intent. Alberts' testimony is evidence—

---

[1] Defense counsel asked: "Had the K-9 unit not been dispatched, would you have removed Mr. Williams?" Alberts responded: "No, not unless there was some kind of suspicion arose in that time that we were . . . ." Although Alberts never completed his thought, his response unambiguously identifies the canine sniff as the but-for cause of the removal.

4

indeed the only evidence—of the causal connections among the actions officers took in the stop. The testimony makes clear that the removal was not incident to the traffic stop. Since the canine sniff was unrelated to the stop, any action incidental to it must also be unrelated. The fact that the removal might have been justified independently of the unrelated sniff does not alter the causal dependence. Thus, the removal amounts to the "conduct of an unrelated inquiry."

Other courts have recognized a similar distinction. In United States v. Harris, the United States District Court for the Southern District of Florida confronted an argument similar to the Government's argument here. The court explained that removal to facilitate a canine sniff, "was not a precaution [the officer] took in order to safely complete his traffic-stop mission. Rather, he took this safety precaution in order to facilitate the dog sniff, an investigation into other crimes and a 'detour' from his traffic stop mission. In doing so, he prolonged the stop." United States v. Harris, 347 F. Supp. 3d 1233, 1239 (S.D. Fla. 2018). In the absence of reasonable suspicion for the canine sniff, the fruits of the search were suppressed. Id. at 1239–41. Similarly, here, Alberts' testimony establishes that the removal was in the service of the canine sniff, not the stop itself. When the removal occurred, Alberts had already embarked on the "detour" from the mission of the traffic stop and the removal furthered that detour. It is, thus, irrelevant whether it might have been justified in other contexts. As contemplated in Rodriguez, the removal was a precaution taken in order to facilitate the detour, not in order to facilitate the traffic investigation.

Since the removal was incident to the sniff, and not the stop, the factual question of whether it prolonged the stop is much simpler to answer. Rodriguez and Campbell are unequivocal in rejecting any "*de minimis*" rule in evaluating prolongation. See Campbell, 912 F.3d at 1353 (recognizing that, in Rodriguez, "the Supreme Court was clear that the length of time [of a prolongation] is immaterial."). The Government's objection concedes that Alberts

5

"discontinue[ed] his investigation into the traffic violation." (Doc. 31 at 11.) The suspension of his investigation of the traffic violation, even for a *de minimis* amount of time, necessarily prolonged the stop. Since the removal was part of Alberts' canine-related detour, the fact that the canine alerted while the removal was "in progress" does not diminish the delay. Alberts' testimony establishes that he abandoned the traffic investigation for approximately ninety seconds to assist with the canine sniff. The traffic investigation was, therefore, prolonged.

Since Alberts departed from his investigation of the traffic infraction to facilitate an unrelated investigation, which added time to the traffic stop, without reasonable suspicion or probable cause, the Magistrate Judge correctly concluded that Rodriguez and Campbell require suppression. The Government, however, advances one final argument that this Court should deny suppression even if it agrees with the Report and Recommendation's analysis. (Doc. 31 at 16 n.6.) The Government points out that, in Campbell, the Eleventh Circuit found that the prolongation did not require suppression as the officer acted in reliance on pre-Rodriguez precedent. See Campbell, 912 F.3d at 1355–56. As Campbell explained, the Supreme Court has recognized that "[e]vidence obtained during a search conducted in reasonable reliance on binding precedent is not subject to the exclusionary rule." Davis v. United States, 564 U.S. 229, 241 (2011). Since the good-faith argument was not presented to the Magistrate Judge, and is only presented here in a footnote, the Court declines to consider it. See Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding "that a district court has discretion to decline a party's argument when that argument was not first presented to the magistrate judge."). Nevertheless, the Court is skeptical of the merits of such an argument, given that the Magistrate Judge's analysis and the analysis above rely upon Rodriguez and Campbell, which were binding precedent at the time of the stop in question.

Accordingly, Court **ADOPTS** the Report and Recommendation, (doc. 26), as the opinion of the Court and **GRANTS** Defendant's motion to suppress, (doc. 15).

**SO ORDERED**, this 2nd day of June, 2020.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA